## Case No. 8,510.

LORILLARD et al. v. McDOWELL et al.

[2 Ban. & A. 531; [1] 23 Int. Rev. Rec. 90; 11 O. G. 640; 13 Phila. 461; 34 Leg. Int. 78; 24 Pittsb. Leg. J. 119.]

Circuit Court, E. D. Pennsylvania. Feb. 24, 1877.

PATENTS—CLAIMS OF PATENT — MODE OF PRACTISING EXTENSIVE USE—EXPANDED CLAIM —REISSUE.

1. The words "as specified," in the claims of a patent, do not necessarily limit such claims to the particular mode of practising the invention described in the patent.

2. Where a patentee has described one mode of practising his invention, as the law requires him to do, he must be understood as merely describing the best mode, and not as excluding a method different from it only in a single detail which produces the same result, and is distinctly within its object.

3. Where an invention involves reflection and experiment to bring it to practical maturity, its evident utility, indicated by its prompt displacement of other devices and extensive use, strongly attest its patentable merit.

4. A reissue may be granted with an expanded claim, to secure to a patentee the benefit of the invention described but not claimed in the original, when caused by the inadvertence of the inventor.

[Approved in Lorillard v. Carroll, 9 Fed. 510.]

In equity.

George Harding, for complainants.
Leonard Meyers, for defendants.

McKENNAN, Circuit Judge. This is a motion for an interlocutory injunction, to restrain infringement of the patent set up in the complainants' bill. An original patent No. 158,604 was granted to Charles Seidler, on the 12th of January, 1875, which was surrendered and reissued to him October 24th, 1876, No. 7,362. The invention is thus described: "I have discovered and successfully developed in practice a means of marking and distinguishing tobacco in plugs. I prepare labels, or distinguishing pieces of separate material, and impress them into the body of the plugs, one label into each plug, preferably putting the label under the outside wrapper, and giving it a character by raised letters or analogous devices, which is recognizable through the flexible covering. The material of which these labels are composed is preferably sheet iron tinned, cut into a circular form, and having points or prongs bent backward from their edges, and with raised or sunken letters or marks upon their upper face, to indicate the quality, origin, or trade-mark. Before the plug of tobacco is subjected to its final pressure, one of these labels is placed upon it in proper position, and, by powerful pressure, the prongs of the label are sunk into the tobacco, so that its face is about flush with the outer surface of the plug, and adheres firmly to it. An outer leaf of properly dampened tobacco is

[1] [Reported by Hubert A. Banning, Esq., and Henry A. Arden, Esq., and here reprinted by permission.]

then wrapped around the plug, which is subjected to a powerful pressure, and the label is seen beneath this wrapper, and is rendered thereby difficult of removal."

The invention is claimed under five heads, the first and third of which are: "(1) A plug of tobacco having a hard label pressed into one of its faces, as specified." "(3) A plug of tobacco having letters or other decorative and distinguishing marks produced on a hard metallic surface, and pressed, as specified."

These claims the respondents are alleged to have infringed, and construing them, as I think they must be construed, to indicate the impressment of a hard or metallic label upon either the inner or outer face of a plug of tobacco, the fact of infringement is clearly made out, both by the affidavits read in support of the motion, and by an inspection of the tobacco manufactured and sold by the respondents.

This construction of the patent has been very earnestly contested, upon the ground that the specification describes only the mode of applying the label to the plug underneath the outer covering, and that the words "as specified," limit the scope of the claims to that particular mode, but the patentee must be understood as merely describing what he regards as the best mode of practising Ifis invention, as the law requires him to do, and not as excluding a method different from it only in a single detail, which produces the same result, and is distinctly within its object. He claims to have discovered a new method of identifying tobacco, which consists in the attachment of a hard label to each plug by pressing into it the points or prongs which project from the under surface of the label, and thus the fundamental object of his invention is fully effectuated. When this is done the outside wrapper is applied; but the label is thus placed underneath the wrapper, not as auxiliary in any way to the specific office of the label, but avowedly only to render it more difficult of removal.

It is obvious, then, that to dispense with this additional safeguard, and to apply the label outside of the wrapper, does not differentiate the devices, nor does it vary the method of attaching them to the plug in any essential degree.

Of the objections to the validity of the patent, but little need be said at this stage of the case. The first of these is to the novelty of the invention, or rather that it is a double use of an old device. But it is not shown to have been used for any purpose analogous to that contemplated by the patentee, or even remotely suggestive of such use. It was the result of considerable thought, and of careful and repeated experiments, and supplied a perfect means of distinguishing the quality and origin of plug tobacco, which had not before been furnished to either the manufacturer or consumer.

Nor does the denial of its patentability seem to me to have any firmer foothold. Simple as it is, it nevertheless involved reflection and experiment to bring it to practical maturity, and its evident utility, indicated by its prompt displacement of other identifying devices, and its very extensive use, even by the respondents, strongly attest its patentable merit.

The remaining objection, that the reissue is void, as not being for the same invention described in the original patent, is clearly untenable. The drawings in both are the same, and the specifications of both are substantially the same. They both describe, as the invention, a hard or metallic label applied to a plug of tobacco before it is subjected to its final pressure, with characters impressed upon it indicating its quality, origin, or trade-mark; while, in the original patent, the claim is limited to tobacco, to which the label is applied underneath the wrapper. To remedy this restriction, inadvertently imposed, as the commissioner of patents has conclusively found, the reissue was properly granted with an expanded claim, to secure to the patentee the full benefit of the invention described, but not claimed in the original.

The motion for a preliminary injunction must, therefore, be allowed.

[For other cases involving this patent, see note to Lorillard v. Dohan, 9 Fed. 509.]